IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ALBERT EDMOND, #30523**                                                                       **PETITIONER**

**VERSUS**                                               **CIVIL ACTION NO. 2:05cv2152-KS-JMR**

**LAWRENCE KELLY and JIM HOOD**                                              **RESPONDENTS**

**REPORT AND RECOMMENDATION**

This matter is before this Court on the Respondents' Motion [7-1] to Dismiss Pursuant to § 2244(d). Having considered the Respondents' Motion [7-1], the Petitioner's Response [8-1], along with the entire record and the applicable law, this Court finds that the Motion [7-1] is well-taken and should be granted. Accordingly, Edmond's petition in the above-captioned action should be dismissed.

**I. Statement of the Case**

On March 7, 1974, the Petitioner, Albert Edmond ("Edmond"), was convicted of rape in the Circuit Court of Hinds County, Mississippi, and was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections ("MDOC"). (*See* Order, attached to Respondents' Motion to Dismiss as Exhibit "A"). On June 16, 1982, Edmond was released on conditional parole. *Id*. On August 2, 1982, petitioner's parole was revoked. *Id*. It is the revocation of parole that petitioner challenges in the instant petition.

Edmond's parole was revoked on August 2, 1982. Under state law, an order revoking parole is not appealable. (*See Bobkoskie v. State*, 495 So.2d 497, 499 (Miss. 1986)). Edmond submitted his federal habeas petition sometime between October 31, 2005, the date he signed it, and November 14, 2005, the date it was stamped "filed." According to the mailbox rule, Edmond's petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184

F.3d 398, 401 (5th Cir. 1999). Thus, at the earliest, Edmond "filed" his petition on October 31, 2005.

## II. Analysis

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999). As noted above, there is no direct appeal from a parole revocation. Therefore, Edmond's judgment became final on August 2, 1982. The Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year time limit has been interpreted to mean that it does not begin to run against a state prisoner prior to the statute's date of enactment, *i.e.* April 24, 1996. (*See Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999)). All convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. Pursuant to the AEDPA, Edmond's parole revocation was considered final as of April 24, 1996, and he had until April 24, 1997, to properly file a habeas petition.

According to the mailbox rule, Edmond's petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). At the earliest, Edmond "filed" his federal petition when he signed it on October 31, 2005, some 3,112 days after the federal statute of limitations had expired on April 24, 1997. Based on the foregoing, Edmond's federal petition for habeas corpus is barred by the one-year statute of limitations, unless Edmond is entitled to either statutory or equitable tolling.

The first issue is whether statutory tolling occurred during the period between the revocation becoming final and his filing of the federal petition for federal habeas corpus. 28 U.S.C. §

2244(d)(2) provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction" remains pending. Edmond filed a "Petition for Writ of Habeas Corpus" in the Greene County Circuit Court on November 22, 1999, some 942 days after the expiration of the habeas deadline on April 24, 1997. (*See* Petition, attached to the Respondents' Motion as Exhibit "B"). In an order filed on December 22, 1999, the circuit court denied Edmond's petition and Edmond appealed. (*See* Order, attached to the Respondent's Motion as Exhibit "C"). On appeal, in an unpublished opinion, the supreme court reversed the circuit court and remanded the matter to Greene County for an evidentiary hearing. (*See* Opinion, attached to the Respondents' Motion as Exhibit "D"). The Greene County Circuit Court then transferred the case to Sunflower County where Judge Gray Evans issued an order on July 21, 2001, finding that an evidentiary hearing was not necessary to the determination of Edmond's claims and ruled that revocation of petitioner's parole was not illegal. (*See* Order, attached to the Respondents' Motion as Exhibit "E"). Thereafter, aggrieved that an evidentiary hearing had not been held as mandated by the supreme court, Edmond filed numerous motions seeking enforcement of the supreme court's mandate. On October 10, 2001, the supreme court requested a response from the Sunflower County Circuit Court and Judge Gray responded on September 26, 2005. (*See* Response, attached to the Respondents' Motion as Exhibit "F"). In the response, Judge Evans reiterated the findings of his July 21, 2001, Order and stated that the court would afford petitioner an evidentiary hearing without delay should the supreme court find it to be necessary. (*See Id.*). Thereafter, the petitioner filed a petition for writ of mandamus which the supreme court found to be moot. (*See* Order, attached to the Respondents' Motion as Exhibit "G"). On February 15, 2006, the supreme court entered an order denying Edmond's petition to reverse the July 21, 2001 order of the Sunflower County Circuit Court. (*See* Order, attached to the Petitioner's Amended Complaint as an Exhibit).

Edmond's initial state pleading was not filed until November 22, 1999, some 942 days after the April 24, 1997, deadline for filing his federal habeas. Pursuant to § 2244(d)(2), Edmond's state post-conviction motions cannot toll the one-year limitations period described in § 2244(d)(1) as they were not filed within the one-year limitations period for filing the petition for writ of habeas corpus. Edmond's petition is therefore barred by § 2244(d), unless Edmond persuades this Court that his claim should not be time-barred under the principles of equitable tolling.

Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Furthermore, in *Rashidi,* the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). In his Response to the Respondents' Motion to Dismiss, Edmond argues that the one year statute of limitations of the AEDPA should not apply in this case because he is challenging the revocation of his parole, not his conviction and sentence. The revocation of his parole is a judgment of the state court and Edmond is a state prisoner filing a federal habeas petition, so the provisions of the AEDPA do apply to the instant case. This assertion does not present any argument that would support equitable tolling.

Without the benefit of equitable tolling, Edmond needed to file his federal habeas petition on or before April 24, 1997. At the earliest, Edmond filed his federal habeas petition on October 31, 2005 – the date he signed the federal petition in the above-captioned case. Edmond's petition is therefore barred by § 2244(d).

### III. Conclusion

Edmond's parole revocation became final on April 24, 1996. Thereafter, Edmond had one year, or until April 24, 1997, to file a federal petition for a writ of habeas corpus. At the earliest,

Edmond filed his federal habeas petition on October 31, 2005. This Court finds that Edmond is not entitled to equitable tolling. Therefore, it is the recommendation of this Court that Edmond's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the  25th  day of May, 2006.

s/ John M. Roper, Sr.<br>CHIEF UNITED STATES MAGISTRATE JUDGE